# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 0204016363 |
| | ) | |
| CHARLESE A. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 21, 2017
Decided: June 21, 2017

## ORDER GRANTING DEFENDANT'S REQUEST FOR A CERTIFICATE OF ELIGIBILITY TO FILE UNDER 11 Del. C. § 4214(f) AND Del. Super. Ct. Spec. R. 2017-1(d)

This 21st day of June, 2017, upon consideration of the Request for Certification of Eligibility filed on behalf of Charlese A. Smith,[1] the Attorney General's response thereto,[2] and the record in this matter, it appears to the Court that:

1.     On April 22, 2003, following a two-day trial, a Superior Court jury convicted Smith of two counts of Burglary Second Degree, two counts of Forgery Second Degree, and one count of Theft-Misdemeanor.[3] Smith's sentencing occurred on May 29, 2003, after a pre-sentence investigative

---

[1] Defendant's name was changed from Charles Clement Smith to Charlese Anne Smith by order of the Court of Common Pleas dated June 20, 2016. *See In re Charles Clement Smith*, C.A. No. CPU4-16-001121 (Del. Com. Pl. June 20, 2016) (ORDER).
[2] D.I. 58.
[3] 11 *Del. C.* § 825 (2001) (burglary second degree); *id.* § 861 (forgery second degree); *id.* § 841 (theft).

report was prepared and the State had filed a habitual criminal petition.[4] Smith was sentenced to the minimum required: a term of natural life imprisonment for the triggering offense of second degree burglary (IN02-05-0351), for which the State sought habitual criminal sentencing under the then-extant Habitual Criminal Act.[5] Smith received suspended or probated terms for the other burglary count, the forgeries, and the misdemeanor theft conviction.[6] The sentencing order notes that Smith's habitual criminal sentence was effective on December 31, 2002.[7]

2. Smith requests a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify the sentence under recently enacted 11 *Del. C.* § 4214(f).[8] The Attorney General responded,[9] joining Smith's request and asking the Court to grant Smith a certificate of eligibility.[10]

---

[4] 11 *Del. C.* § 4214(b) (2001) (providing that a person who twice previously had been convicted of certain enumerated felonies and thereafter was convicted of another of those enumerated felonies could be declared a habitual criminal).

[5] *Id.* (providing that any person sentenced under then-existing § 4214(b) had to receive a natural life sentence for the triggering felony (or felonies) that formed the basis of the State's habitual criminal petition).

[6] *State v. Charles C. Smith*, ID No. 0204016365 (Del. Super. May 28, 2003) (SENTENCING ORDER).

[7] *Id.*

[8] D.I. 57; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

[9] *See* Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).

[10] D.I. 58 at 1-2 ("[T]he State respectfully requests that the Court grant the Defendant's Motion for Request for Certification of Eligibility.").

3. The Court may consider such a request "without presentation, hearing, or argument unless otherwise ordered by the court."[11] The Court will decide this request on the papers filed.

4. Smith meets the type-of-sentence and time-served eligibility requirements set forth in 11 *Del. C.* § 4214(f).[12] The Attorney General has not demonstrated "by specific averment" that "there is a good faith basis to believe that . . . a petition [by Smith] . . . may not be heard because the felony establishing [Smith] as a habitual offender is one for which review is [not now]-permitted as provided for in 11 *Del. C.* § 4214(f) and [Del. Super. Ct. Spec. R. 2017-1](d)(11)."[13] The Attorney General instead has moved the Court to grant Smith a certificate of eligibility.[14] It does, however, appear from a review of the Court's docket that there are current "petitions filed pursuant to [11 *Del. C.* § 4214(f)] where the felony establishing an inmate as a habitual offender was a Title 16 offense," and those petitions must be

---

[11] Del. Super. Ct. Spec. R. 2017-1(c)(6).

[12] 11 *Del. C.* § 4217(f) (2017) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016," and that an inmate has met the time-served eligibility requirement when the inmate "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater").

[13] Del. Super. Ct. Spec. R. 2017-1(c)(5) (setting forth the content requirements for the Attorney General's written response to a request for certificate of eligibility).

[14] *See supra* n.10.

3

"heard first," *i.e.*, before Smith's, under the applicable statutes and this Court's rules.[15]

**FOR THE FOREGOING REASONS, IT IS ORDERED** that Smith's Request for a Certificate of Eligibility is **GRANTED** and Smith may file a petition seeking exercise of this Court's jurisdiction to modify the sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d). Any such petition **SHALL** be addressed to the undersigned judge. Upon a determination that all petitions which must be "heard first," have been,[16] the Court will schedule further proceedings in this matter. This grant of a certificate of eligibility to seek relief is not a ruling on whether Smith's sentence will be modified. That judgment will be left to the sole discretion of the Court.[17] Furthermore, nothing in amended Section 4214 or the Court's rules shall require the Court to grant Smith a sentence modification.[18]

**IT IS FURTHER ORDERED** that the Department of Correction and the Department of Justice **SHALL**, consistent with a memorandum of understanding entered (or other protocols devised) for the express purpose

---

[15] 11 *Del. C.* § 4214(f) (2017); Del. Super. Ct. Spec. R. 2017-1(d)(11).
[16] *Id.*
[17] Del. Super. Ct. Spec. R. 2017-1(d)(9).
[18] 11 *Del. C.* § 4214(f) (2017) ("Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section."); Del. Super. Ct. Spec. R. 2017-1(d)(9) ("Nothing in this rule or in 11 *Del. C.* § 4214 shall require the court to grant sentence modification to a petitioner.").

of facilitating the lawful and efficient transfer of materials and information required for consideration of a petition under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d), provide to Smith's attorney of record, or her designee, access to such materials and information without undue delay.[19]

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Kathryn A.C. van Amerongen, Esquire
        Joseph S. Grubb, Deputy Attorney General
        Gregory E. Smith, Deputy Attorney General

---

[19] Del. Super. Ct. Spec. R. 2017-1(c)(7).